IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                                    PLAINTIFF

v.                                         Civil No.: 4:18-CV-04126

OFFICER D. ROGERS, CAPTAIN GOLDEN,                                                 DEFENDANTS
WARDEN JEFFIE WALKER and SHERIFF
JACKIE RUNION (All of Miller County)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act (PLRA). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any Complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.  BACKGROUND

Plaintiff filed his Complaint on August 31, 2018. (ECF No. 1). He alleges his federal constitutional rights were violated on May 12, 2018, while he was incarcerated in the Miller County Correctional Facility. (*Id*. at 4). Plaintiff alleges he was not able to call his family using a new phone system in the facility because incorrect information had been entered into the system by staff. When an officer could not help him, the officer returned him to his cell and locked him inside. Plaintiff then "kicked the door a couple time and cussed the office[r]." (*Id*.). He then went to the back of the cell and sat down. (*Id*.). As Plaintiff sat at the back of the cell with his hands in his lap, Defendant Rogers

opened the door and pointed the laser sight for the pepper spray[1] in Plaintiff's face. (*Id*. at 5). Plaintiff asked Defendant Rogers to remove the laser from his eyes before it caused damage, at which point Rogers said he was going to spray Plaintiff. (*Id*.). When Plaintiff "smirked" at him, Rogers shot him twice with the pepper spray while Plaintiff remained seated at the back of the cell. Plaintiff alleges he did not threaten Rogers or do anything which would have justified the spraying. (*Id*.).

Plaintiff proceeds against Defendants in their official and personal capacity. (*Id*. at 4). Plaintiff seeks compensatory and punitive damages. He also seeks to have any officer who applies excessive force to an inmate to be removed from their duties. (*Id*. at 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Plaintiff describes this as "laser guided pepper spray."

### III. ANALYSIS

#### A. Official Capacity Claims

Plaintiff failed to state any plausible official capacity claims. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the Court in *Gorman*:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24-27, 112 S.Ct. at 361-62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25-27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914.

Here, Plaintiff failed to identify any custom or policy of Miller County which violated his rights. He therefore failed to state any plausible official capacity claims.

#### B. Defendants Golden, Walker, and Runion

Plaintiff's personal capacity claims against these Defendants are subject to dismissal. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Defendants Golden, Walker, or Runion and his claims. *See Martin*, 780 F.2d 1337. (Even a *pro se* Plaintiff must allege specific facts sufficient to state a claim).

### C. Defendant Rogers

Plaintiff's allegation that Defendant Rogers pepper-sprayed him for "smirking" while he was sitting quietly at the back of his cell states a plausible excessive force claim. *See Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992 ("Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the ' core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."). At this stage, Plaintiff's allegations, if true, state a claim Defendant Rogers was not acting in good faith when force was used against him. Accordingly, this claim should remain for service and further consideration.

### IV. CONCLUSION

Accordingly, I recommend Plaintiff's official capacity claims against all Defendants, as well as his personal capacity claims against Defendants Golden, Walker, and Runion, be DISMISSED WITHOUT PREJUDICE. Plaintiff's personal capacity claim of excessive force against Defendant Rogers remains for service and further consideration.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 9th day of October 2018**.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE