IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                                    PLAINTIFF

v.                                         Case No. 4:18-cv-4126

OFFCIER D. ROGERS; CAPTIAN
GOLDEN, Miller County Detention Facility;
JEFFIE WALKER, Warden, Miller
County Detention Facility; and
SHERIF JACKIE RUNION,
Miller County, Arkansas                                                                         DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed October 9, 2018, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Plaintiff is currently incarcerated in the Miller County Correctional Facility and has filed a Complaint alleging use of excessive force by Defendants in violation of his civil rights pursuant to U.S.C. 42 § 1983. ECF No. 1. Specifically, Plaintiff alleges that his civil rights were violated when Defendant Rogers shot him in the face with "laser guided pepper spray" without provocation. *Id.* Plaintiff sues Defendants in both their official and individual capacities. *Id.*

The Court referred Plaintiff's Complaint to Judge Bryant for preservice screening pursuant to the Prison Litigation Reform Act. 28 U.S.C. § 1915A. Judge Bryant recommends that Plaintiff's official capacity claims against all Defendants be dismissed without prejudice because Plaintiff failed to identify any custom or policy of Miller County which violated his civil rights. Judge Bryant further recommends that the individual capacity claims against Defendants Golden, Walker, and Runion, be dismissed without prejudice because Plaintiff failed to demonstrate a causal link between Defendants Golden, Walker, or Runion and his claims.

Plaintiff has timely filed objections to the Report and Recommendation. ECF No. 9. However, Plaintiff's objections make no mention of Defendants Golden, Walker, and Runion being involved in the alleged pepper spray incident and fail to identify any official policy or custom of Miller County which violated Plaintiff's civil rights.[1] Because Plaintiff has failed to make specific objections to the Report and Recommendation, he is not entitled to *de novo* review by this Court. *See* U.S.C. § 636(b)(1). Therefore, the Court adopts the Report and Recommendation (ECF No. 8) *in toto*. Accordingly, Plaintiff's official capacity claims against all Defendants, as well as his individual capacity claims against Defendants Golden, Walker, and Runion, should be and are hereby **DISMISSED WITHOUT PREJUDICE**. Plaintiff's excessive force claim against Defendant Rogers remains for further service and consideration.

**IT IS SO ORDERED**, this 29th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[1] Plaintiff names Defendants Golden, Walker, and Runion as "pinnacle of authority of the jail' but does not establish that they had any involvement with Plaintiff being pepper sprayed. Moreover, Plaintiff failed to allege the existence of any official custom or policy in his Complaint reviewed by Judge Bryant. To the extent that Plaintiff now argues the existence of a custom violating his civil rights, the Court finds that Plaintiff does not allege the "widespread and persistent pattern of unconstitutional misconduct" or that the custom was the "moving force" behind his being pepper sprayed as required by § 1983. *See Russell v. Hennepin Cty.*, 420 F.3d 841, 849 (8th Cir. 2005).