IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                                   PLAINTIFF

v.                                          Civil No. 4:18-CV-04126

OFFICER D. ROGERS                                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendant Rogers' Motion for Summary Judgment.  (ECF No. 38).

### I.  BACKGROUND

Plaintiff filed his Complaint on August 31, 2018.  (ECF No. 1).  He alleges his federal constitutional rights were violated on May 12, 2018, while he was incarcerated in the Miller County Correctional Facility ("MCDC") as a pre-trial detainee.  (*Id*. at 4).  Plaintiff alleges he was not able to call his family using a new phone system in the facility because incorrect information had been entered into the system by staff.  When an officer could not help him, the officer returned him to his cell and locked him inside.  Plaintiff then "kicked the door a couple time and cussed the office[r]."  (*Id*.).  He then went to the back of the cell and sat down.  (*Id*.).  As Plaintiff sat at the back of the cell with his hands in his lap, Defendant Rogers opened the door and pointed the laser

1

sight for the pepper spray[1] in Plaintiff's face. (*Id*. at 5). Plaintiff asked Defendant Rogers to remove the laser from his eyes before it caused damage, at which point Rogers said he was going to spray Plaintiff. (*Id*.). When Plaintiff "smirked" at him, Rogers shot him twice with the pepper spray while Plaintiff remained seated at the back of the cell. Plaintiff alleges he did not threaten Rogers or do anything which would have justified the spraying. (*Id*.).

Plaintiff proceeded against all Defendants in their official and personal capacity. (*Id*. at 4). Plaintiff seeks compensatory and punitive damages. He also seeks to have any officer who applies excessive force to an inmate to be removed from their duties. (*Id*. at 7). After preservice screening, Plaintiff's personal capacity claim against Defendant Rogers for excessive force is the sole remaining claim. (ECF No's. 8, 10).

Defendant Rogers filed his Motion for Summary Judgment on May 3, 2019. (ECF No. 38). On May 6, 2019, the Court entered an Order directing Plaintiff to file his Response to the Motion, which he did on June 10, 2019. (ECF No's. 41, 45).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

---

[1] Plaintiff describes this as "laser guided pepper spray."

2

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

Defendant Rogers argues summary judgment in his favor is appropriate because: 1.) his use of force was objectively reasonable; 2.) he is entitled to qualified immunity. (ECF No. 39).

Plaintiff argues that MCDC Standard Operating Procedure states that banging on doors and cussing is punishable by a loss of privileges rather than the application of force. (ECF No. 45 at 1). He further argues that he never once mentioned a threat, either physically or verbally, and nothing he did should have made Defendant Rogers feel threatened. (*Id*.).

The Supreme Court has held that a pretrial detainee's excessive force claim should be analyzed under an objective reasonableness standard. *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). The objective reasonableness of a use of force "turns on the 'facts and circumstances of each particular case.'" *Id*. (*quoting Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) ). The determination should be made:

> from the perspective of a reasonable officer on the scene. A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security."

*Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 540, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ). An action is objectively unreasonable if it is not reasonably related to legitimate governmental interests such as maintaining order and security. *Id.*

In determining whether a given use of force was reasonable or excessive, the Court held that the following may bear on the issue:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.* The Court noted that the list was not exclusive but instead only illustrated the "types of objective circumstances potentially relevant to a determination of excessive force." *Id.; see also Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017).

In *Hickey v. Reeder*, 12 F.3d 754 (8th Cir. 1993), the Eighth Circuit rejected the argument that "the Constitution permits the use of summary force to compel compliance with any direct order given in a jail setting, and that such authority is necessary to maintain control of the institution." *Id.* at 759. In so doing it stated, that Defendants' argument "represents a fundamental misunderstanding of the law concerning the use of summary force in prison settings. The law does not authorize the day-to-day policing by stun gun." *Id.* The Eighth Circuit concluded that "summary applications of force are constitutionally permissible when prison security and order, or the safety of other inmates or officers, has been placed in jeopardy." *Id.; see also Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014) (clearly established that force used against inmates who were lying submissively, face-down would violated the Eighth Amendment); *Thompson v. Zimmerman*, 350 F.3d 734, 735 (8th Cir. 2003) (inmate no longer yelling or kicking the doors—

no basis for a reasonable officer to believe force was needed at the time to prevent detainee from endangering himself or others).

There is no dispute as to the following facts. Plaintiff was arrested and charged with felony battery in the second degree. (ECF No. 40-2 at 1). Plaintiff was placed in another cell with one other inmate. (ECF No. 40-8 at 6). Plaintiff "display[ed] anger" concerning his inability to make a phone call by yelling, cussing, and kicking the cell door multiple times prior to the entry of Defendant Rogers. (ECF No. 1 at 4; 40-8 at 10, 13). When Plaintiff saw Defendant Rogers standing outside the cell he stated "get your bitch ass away from that door if you ain't coming to help me." (*Id*. at 13).

The stories diverge at the point shortly before Defendant Rogers approaches the cell. According to Plaintiff's version, after kicking the door for the last time, and before Rogers appeared at the door, Plaintiff went to the back of the cell, where he sat down, rocked, and tried to calm himself. (ECF No. 40-8 at 12-13). Defendant Rogers opened the cell door and pointed the laser of his pepper spray gun in his eyes and Plaintiff asked him to remove the laser from his eyes before it caused damage, at which point Rogers said he was going to spray Plaintiff. When Plaintiff "smirked" at him, Rogers shot him twice with the pepper spray. (ECF No. 1 at 6; 40-8 at 28). Plaintiff alleges he was seated quietly at the back of the cell with his hands in his lap prior to being sprayed. (ECF No. 1 at 6; 40-8 at 20). At no time did he say or do anything to threaten Defendant Rogers, and or act in a disrespectful manner. (ECF No. 45 at 1). He testified he smirked at him because Rogers was acting in an unprofessional manner. (ECF No. 40-8 at 28).

According to the incident report written by Defendant Rogers, Plaintiff was banging on the door and cussing. He was told to stop multiple times and he refused. After Rogers opened the cell door, Plaintiff continued cussing and acting in a disrespectful manner. He then discharged the

5

CLE delivery system. (ECF No. 40-5 at 2). Officers Moore and Vesshay also wrote incident reports. Moore stated Rogers advised Plaintiff to calm down and stop yelling and kicking the door. Moore went to assist and opened the cell door. Plaintiff was warned three times to stop yelling and cussing. Plaintiff said "Fuck you." Rogers then discharged the CLE system on him. Moore took Plaintiff to the shower and to medical treatment. (ECF No. 40-5 at 3). Vesshay stated Plaintiff was in holding cell 3 being combative, beating on the door and cussing out all the officers. Rogers opened the door and warned him again. Rogers said Plaintiff refused. Rogers then shot him with two shots of the JPX. Plaintiff continued to cuss at the officers. (ECF No. 40-5 at 4). None of the incident reports note if Plaintiff was seated or standing, or where he was located in the cell. No video of the incident was provided.

Taking Plaintiff's version of the incident as true, Plaintiff had been engaged in yelling, cursing, and kicking or beating the door previously, but was seated quietly at the back of the cell when Rogers entered with the pepper spray, and did not act in a threatening or disrespectful manner at that time. Rogers therefore pepper-sprayed a compliant and non-threatening pre-trial detainee. This action, if true, constituted an excessive use of force. *See Thompson*, 350 F.3d at 735 (inmate no longer yelling or kicking the doors—no basis for a reasonable officer to believe force was needed at the time to prevent detainee from endangering himself or others).

The Plaintiff's and Defendants' versions of the facts differ, and those differences are key to the excessive force analysis. The Court therefore concludes that a genuine issue of material fact exists as to whether the use of force was reasonable under the circumstances. There is also no question that the constitutional right asserted by Plaintiff —the right to be free from excessive force—was clearly established on the date of the incident. *See Guite v. Wright,* 147 F.3d 747, 750 (8th Cir. 1998).

## IV.  CONCLUSION

Accordingly, I recommend that Defendant Rogers' Motion for Summary Judgment (ECF No. 38) be DENIED.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of January 2020**.

/s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE