IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CODY S. HOWARD                                                                                          PLAINTIFF

v.                                         Civil No. 4:18-CV-04126

OFFICER D. ROGERS                                                                                    DEFENDANT

# ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Before the Court are Defendant's Motion *in Limine* (ECF No. 68) and Plaintiff's Motion *in Limine*. ECF No. 70. Both parties have filed Responses. ECF Nos. 76, 78. The Court finds the matter ripe for consideration. The motions are decided as follows:

### A. Plaintiff's Motion

Plaintiff requests that counsel and all witnesses not mention, discuss, or allude to any of the following issues at trial:

1.      Any evidence or argument regarding Plaintiff's prior convictions beyond the fact that he is currently detained in Pulaski County. Defendant responds that Plaintiff has been convicted of several felonies since 2012, and these felony convictions are relevant and admissible pursuant to Fed. R. Evid. 609. They should, therefore, be admitted as impeachment evidence. Defendant further argues that the probative value the convictions provide in evaluating Plaintiff's credibility is neither unfair nor irrelevant, and they do not meet the requirement for being excluded under Fed. R. Evid. 403.

Federal Rule of Evidence 609 permits the use of certain crimes to attack a witness's "character for truthfulness." Fed. R. Evid. 609(a). Felony convictions less than 10 years in age "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A), 609(b). "Rule 609(a)(1) clearly embraces the theory

that a willingness to commit serious crimes indicates[,] more generally[,] a kind of character flaw and an attitude of contempt for legal rules that is likely to manifest itself on the witness stand in violating the oath and, more generally, in untruthfulness." Christopher B. Mueller & Laird C. Kirkpatrick, *3 Federal Evidence § 6:44* (4th ed. May 2021 update); *see U.S. v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) ("we must conclude that Congress believed that all felonies have some probative value on the issue of credibility."). The question of whether to block impeachment by felony convictions for unfair prejudice is "overwhelmingly" a problem in criminal cases rather than civil cases. Christopher B. Mueller & Laird C. Kirkpatrick, *3 Federal Evidence § 6:45* (4th ed. May 2021 update). Even in a criminal trial, when the case has narrowed down to an issue of credibility between two persons — as it has in this case — there is more compelling reason to "shed light on which of the two witnesses [is] to be believed." *Gordon v. U.S.*, 383 F.2d 936, 941 (D.C. Cir. 1967).

Specific to § 1983 excessive force cases, the district courts in the Eighth Circuit which have squarely addressed this issue found that any prejudice from admission of the prior felony convictions did not outweigh the probative value of the convictions, provided those convictions were not overly similar to the claims in the pending civil case. *See, Retz v. Seaton*, 8:11CV169, 2013 WL 1502235, at *2 (D. Neb. Apr. 10, 2013) (permitting admission of Plaintiff's false reporting conviction in his § 1983 excessive force claim; the parties agreed not to introduce Plaintiff's other prior convictions); *Willis v. McFarland*, 4:08CV795 TIA, 2012 WL 2236647, at *1 (E.D. Mo. June 15, 2012) (barring Plaintiff's prior convictions for assaulting a law enforcement officer in his pending § 1983 case alleging excessive force, but allowing all others because "[e]ven if all of the evidence of Plaintiff's prior convictions were to be excluded, the jury's perception would not be one of Plaintiff being a model citizen inasmuch as Plaintiff will be testifying about events occurring during his incarceration."); *Williams v. Hooker*, 4:02CV01250 ERW, 2008 WL

2120771 (E.D. Mo. May 19, 2008) (barring admission of Plaintiff's prior convictions for assaulting a law enforcement officer, but allowing all others for his § 1983 case alleging failure to protect, excessive force, denial of medical care, and First Amendment retaliation).  Accordingly, the Court finds that Plaintiff's motion is DENIED as it relates to this request.

      2.      Any evidence or argument regarding the reasons Plaintiff is currently detained in Pulaski County.  Defendant responds that he has no objection to this request unless Plaintiff opens the door to such evidence.  Plaintiff's motion is GRANTED as it relates to this request unless Plaintiff opens the door to such evidence at trial.

      3.      Any evidence or argument regarding Plaintiff's disciplinary record while incarcerated in jail.  Defendant responds that he objects to this preclusion because Plaintiff was disciplined for his actions in the event providing the basis for this claim.  Further, Plaintiff admitted in his sworn testimony that he plead guilty to the disciplinary charge.  Therefore, Defendant argues that Plaintiff's admission of guilt related to his conduct in this incident is both relevant and admissible.

The "core judicial inquiry" for an excessive force question is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (citing *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)).  Relevant factors to this analysis include "the threat reasonably perceived by the responsible officials." *Hudson*, 503 U.S. at 7.  An inmate's actions and disciplinary history in a particular facility can affect the extent to which he and his actions may reasonably be perceived as a threat by facility guards. *See, e.g.*, *Webb v. Moreland*, 6:14-CV-06037 (W. D. Ark. Feb. 2, 2017) (forcible cell extraction procedure used on Plaintiff was appropriate use of force based in part on Plaintiff's lengthy disciplinary history of attacking guards who tried to compel him to do something he did not wish to do).  Thus, Plaintiff's disciplinary record in the Miller County

Detention Center is both relevant and admissible. Accordingly, Plaintiff's motion is DENIED as it relates to this request.

4.  Any evidence or argument regarding the filings, contents, and rulings of any motions, including discovery, summary judgment, or *in limine* motions, and the outcomes of such motions. Defendant responds that he has no objection to this request. Plaintiff's motion is GRANTED as it relates to this request.

5.  Any direct reference, or reference by implication or testimony, that there have been settlement overtures between the parties to this lawsuit or their counsel. Defendant responds that he has no objection to this request. Plaintiff's motion is GRANTED as it relates to this request.

6.  Any reference to Plaintiff as an "inmate," "detainee," "criminal," or "prisoner," or any similar term used to reference or describe Plaintiff because such terms are unnecessary and inflammatory and will be used simply to overemphasize the fact that Plaintiff was in jail. Defendant responds that he objects to this because the terms are contained and used in the reports and records to be introduced and will be used by the corrections officers who will testify against him, and it is not clear how the use of these terms will be unfairly prejudicial. Further, the fact that the Plaintiff was in jail at the time of the incident is a material fact not disputed by either party. Finally, the difficulty of precluding these terms will complicate testimony and evidence. The Court agrees with Defendant regarding the use of the terms "inmate," "detainee," or "prisoner," and Plaintiff's motion is DENIED as it relates to these terms. However, the Court will prohibit any reference to Plaintiff as a "criminal," and Plaintiff's motion is GRANTED as to this term.

### B. Defendant's Motion

Defendant asks that the following be excluded from evidence at trial:

1.  In ¶ 11(a): any reference to previously dismissed claims or Defendants. Plaintiff does not object. Defendant's motion is GRANTED as it relates to this request.

4

2. In ¶ 11(b): any reference to other claims not before the Court, including but not limited to any First Amendment claim (denial of access to family) or Eighth Amendment claim (denial of medical care). Plaintiff responds that he has no intention of making a First Amendment claim for denial of access to family. He does, however, argue that he should be permitted to tell his story of what happened leading up to the incident in question in order to explain why he was upset. Plaintiff similarly responds that he has no intention of making a claim for denial of medical care, but it is a material fact that he was left in his cell for a period of time without assistance after being pepper-sprayed. Plaintiff argues that Defendant is free to cross-examine Plaintiff at trial, but that these facts should not be precluded as they are relevant to the excessive force claim. Defendant's motion is GRANTED as it relates to the addition of new claims to this case at trial. The motion is otherwise DENIED. Plaintiff may reference these facts as represented in his response.

3. In ¶ 11(c): any reference to unspecified claims or policies of the Miller County Detention Center. Defendant argues Plaintiff did not list these items as possible exhibits until his pretrial disclosure long after discovery in the case had closed. Plaintiff responds that he will not argue unspecified policies and procedures but intends to ask Defendant about policies and procedures in place at the Miller County Detention Center at the time of the incident. Further, Defendant is free to examine the scope of those policies during direct or cross examination. Finally, Plaintiff notes that these policies and procedures were submitted by Defendant as ECF No. 40-6 with his Motion for Summary Judgment. Defendant's motion is DENIED as it relates to this request. Plaintiff may question Defendant about the policies and procedures in place at the Miller County Detention Center at the time of the incident regarding Use of Force (SOP-05.28), Inmate Rules and Discipline (SOP-06.01), and Prohibited Act and Disciplinary Sanctions (SOP-06.02).

4. In ¶ 11(d): any speculation or reference to any injury other than the temporary "burning" sensation Plaintiff described in his deposition. Plaintiff responds he has no intention of speculating as to future injuries, but intends to testify as to all injuries. Defendant's motion is GRANTED as it relates to this request.

5. In ¶ 11(e): any reference to or proffer of testimony from any witness not identified in discovery. In ¶ 16, Defendant identifies these witnesses as Warden Jeffie Walker and Captain Golden Adams. Plaintiff responds that he will not call either Warden Jeffie Walker or Captain Golden Adams at trial. Defendant's motion is GRANTED as it relates to this request.

6. In ¶ 11(f): any reference or proffer of evidence that was not identified in discovery. Defendant identifies these in ¶ 17 as "Policies and Procedures; photo of Centurion LE JPX; Centurion LE JPX (Physical exhibit); Ammunition for Centurion LE JPX (physical exhibit); photos/videos of incident; photos/videos of injuries." The issue regarding policies and procedures was addressed in ¶ 11(c), and that ruling remains as stated. Plaintiff responds that the excessive use of the pepper-spray weapon "is what this case is about" and the probative value of the exhibits substantially outweighs the prejudice of showing them to the jury. Plaintiff also notes that he repeatedly requested photos and videos of the incident and has not been provided with any. The Court can discern no surprise or unfair prejudice concerning the use of exhibits concerning the pepper spray weapon, photos or videos of the incident, or photos/videos of injuries, as these are central to the claim in the case. Defendant's motion is DENIED as it relates to this request.

**IT IS SO ORDERED**, this 17th day of September 2021.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge